State v. Stewart

---

STATE OF NORTH CAROLINA v. WILSON L. STEWART

No. 736SC510

(Filed 25 July 1973)

Escape § 1— escape from State prison — sufficiency of evidence
     Evidence in an escape case was sufficient to require submission of the case to the jury and to support the verdict of guilty where such evidence tended to show that while serving lawfully imposed sentences defendant sawed through the bars of his cell and on the date in question left the extended limits of the situs of his confinement at a State institution, only to be apprehended approximately 15 hours later at a place nine miles from the prison unit.

ON certiorari to review the trial of defendant before James, Judge, 7 August 1972 Session of Superior Court held in HALIFAX County.

Defendant, Wilson L. Stewart, was charged in a bill of indictment, proper in form, with felonious escape. He pleaded not guilty but was found guilty as charged. From a judgment imposing a prison sentence of eighteen months to two years, defendant appealed.

Attorney General Robert Morgan and Associate Attorney Emerson D. Wall for the State.

Hux & Livermon by James S. Livermon, Jr., for defendant appellant.

HEDRICK, Judge.

Defendant contends "no evidence was presented by the State which showed that he willfully and unlawfully escaped from confinement in the North Carolina Department of Corrections" and therefore the trial court erred in denying his timely motions for judgment as of nonsuit.

The willful failure of a prisoner to remain within the extended limits of his confinement constitutes escape. G.S. 148-4. G.S. 148-45 in pertinent part provides:

> "Any prisoner convicted of escaping or attempting to escape from the State prison system who at any time subsequent to such conviction escapes or attempts to escape therefrom shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than three years."

The material evidence offered by the State tended to show that while serving concurrent two year sentences for the offense of nonfelonious breaking or entering and larceny, imposed at the 8 December 1970 Session of Superior Court held in Johnston County, and a consecutive six months sentence for misdemeanor escape imposed at the 27 July 1971 Session of District Court held in Vance County, defendant, between midnight and 12:30 a.m., 25 April 1972, left the extended limits of the situs of his confinement at State Institution 4030 in Halifax County. The bars of his cell were sawed in two and musical instruments were arranged on defendant's bed "to look like somebody was in there." Defendant was apprehended approximately 15 hours later on the river at Weldon nine miles from the prison unit.

We find and hold that this evidence, when considered in the light most favorable to the State, is sufficient to require submission of the case to the jury and to support the verdict. These assignments of error are overruled.

By his third, fourth, fifth, sixth and seventh assignments of error, defendant contends (1) that the verdict was "defective," (2) that the court erred in its instructions to the jury and (3) that the court erred in denying his motion for a "mistrial." These assignments of error are not supported by exceptions duly noted in the record. Nevertheless, we have carefully examined the record in the light of defendant's contentions and find that he had a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and BALEY concur.